## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHELE WIDMER,

     Plaintiff,

                              Case No.:  1:21-cv-302

v.

LLOYD J. AUSTIN III,
Secretary,
U.S. Department of Defense,
National Geospatial-Intelligence Agency,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Michele Widmer, by and through her undersigned counsel, and as her Complaint, as a federal employee for unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (as amended) ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a ("ADEA"), and now makes claim against Lloyd J. Austin III, Secretary, U.S. Department of the Defense, National Geospatial-Intelligence Agency, (referred to herein as the "Defendant" or "Agency"), stating as follows:

## INTRODUCTION

1.      Plaintiff  Michele Widmer was an experienced employee for the U.S. Department of the Defense, National Geospatial-Intelligence Agency. Beginning in 2016 through 2018, Plaintiff formally pursued claims of gender discrimination and retaliation in violation of Title VII, as well as age discrimination against the Agency. After engaging in protected activity, Plaintiff Widmer was then subjected to a campaign of unlawful retaliatory harassment and discrimination by Defendant. The retaliatory hostile environment was created by harassing acts, such as:  payroll

problems resulting in reduced pay, unauthorized searches of Plaintiff's desk within mere days after receipt of Plaintiff's discovery requests in her prior EEOC Case, alteration of Plaintiff's job evaluation, unauthorized pay reductions and other acts, all taken to create a hostile work environment and force Complainant from the workplace. Plaintiff Widmer was then forced from the workplace due to the unlawful acts of the Agency. This is an action for declaratory and monetary relief against Defendant, Lloyd J. Austin III, Secretary, U.S. Department of the Defense, National Geospatial-Intelligence Agency ("NGA") for retaliation under Title VII and the ADEA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1988(a); 42 U.S.C. § 2000e(5)(f)(3); and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper as the judicial district in which the employment records relevant to the discriminatory practices against Plaintiff are maintained and administered is in the District of Columbia.

## PARTIES

4.      Plaintiff Michele Widmer resides in the Commonwealth of Virginia.

5.      The Defendant is an agency of the federal government.

## CONDITIONS PRECEDENT

6.      Plaintiff Widmer filed timely charges alleging employment discrimination and retaliation against the Agency with the agency's Equal Employment Opportunity office.

7.      Less than than 90 days has elapsed since the Agency issued its final agency order, from which no appeal was taken, and a Decision was issued by the Equal Employment Opportunity Commission ("EEOC") regarding Plaintiff Widmer's claims as a federal employee for, *inter alia*,

unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (as amended)("Title VII") and the ADEA.

8.      All conditions precedent to this action have been satisfied and this action is timely filed.

## FACTUAL ALLEGATIONS

9.      Plaintiff Widmer was a highly experienced female civilian employee with the Agency.  At all times relevant herein, Plaintiff performed her job in a competent and professional manner throughout her employment with the Agency.

10.     In 2016, Plaintiff Widmer had pending against the Agency a good faith EEO complaint of gender discrimination and harassment, age discrimination and reprisal stemming from making protected and confidential disclosures of harassment and a pervasive hostile work environment.  Those claims involved unlawful acts by Agency management at NGA, and were included in the following Agency case number: Agency No.: NGAE-16-PA0003 (the "EEO Case").

11.     The protected activity of Plaintiff Widmer continued into 2017, when she filed with the EEOC her claims of unlawful discriminatory acts and reprisal against the Agency.  Those claims were included in the following EEOC case number: EEOC No.: 570-2017-00382X (the "EEOC Case").

12.     At all times relevant herein, the Agency's management with oversight and control of Plaintiff was aware of Plaintiff's protected activity as set forth in paragraphs 10 and 11 herein. For example, supervisor J. Martin knew the details of Plaintiff's EEO Case and EEOC Case within the office.  J. Martin had been the Equal Opportunity and Diversity Executive for several years for the NGA office Plaintiff worked within.

13.     Following Plaintiff's filing of the EEOC Case, on or about December 6, 2017, Defendant modified Plaintiff's payroll to short Plaintiff of pay for payroll received on December 9, 2017, and December 18, 2017.  This occurred while Plaintiff was on approved leave for surgery. Despite Plaintiff's objections to the shorting of pay, Defendant did not promptly correct the pay situation.

14.     The shorting of payroll by Defendant for Plaintiff resulted in  nonpayment of salary and benefits (medical insurance, dental, etc.) for a total of 96 hours of work.  All of this occurred during Plaintiff's approved medical leave to further harass and retaliate against Plaintiff.

15.     In February 2018, Defendant reassigned Plaintiff back to the supervisor J. Martin, who had engaged in the unlawful harassment of Plaintiff that led to the EEO Case and EEOC Case.

16.     Also in February 2018, Plaintiff was medically diagnosed with Post Traumatic Stress Disorder ("PTSD") and anxiety that presented panic attacks, and shaking when verbally attacked or threatened, due to the unlawful behavior of Plaintiff's supervisor.  The Plaintiff's health condition was the result of a pervasive hostile work environment, and on-going acts of retaliation directly related to Plaintiff's prior disclosures to the Agency's EEO counselors, the NGA Ombudsman, and the NGA Inspector General's Office of unlawful discrimination and retaliation in the workplace.

17.     Due to Plaintiff's reassignment to J. Martin and the continued harassing treatment by Defendant, Plaintiff sought out a different assignment to move away from J. Martin. A Joint Duty Assignment ("JDA") presented itself that Plaintiff was qualified for.  Plaintiff chose the JDA in order to finally remove herself from the hostile environment and retaliatory behavior by J. Martin and have the opportunity to start fresh. Plaintiff met with a senior management official, Mr.

Jackson, who told Plaintiff he would approve her JDA applications once the applications made their way through the proper process.

18.     Plaintiff applied to several JDA positions, interviewed, and was selected by two departments, and chose to accept a position at ODNI (Office of the Director of National Intelligence).

19.      On April 4, 2018, Plaintiff received her closeout performance evaluation by NGA management, who were aware of Plaintiff's protected activity, that improperly degraded Plaintiff's actual job performance.

20.     Plaintiff's NGA official Performance Review Close Out document dated 02/22/2018 and signed 02/23/2018, was modified and downgraded from a Performance Evaluation rating of Excellent (3.7), and was not entered into Plaintiff's official personnel file.  This occurred in early April 2018, when Plaintiff's official Performance Close Out Review was modified by changing the type of performance review from a Close Out action to an Interim Evaluation.

21.   Thereafter, in mid-April 2018, Plaintiff's payroll was again improperly adjusted to reduce Plaintiff's pay, and Plaintiff was also wrongfully accused of timecard fraud by the Agency in retaliation for Plaintiff's EEOC Case and EEO Case.

22.     As a result of the allegations of timecard fraud, 17.1 hours of donated Leave Bank hours were wrongfully deleted from Plaintiff's account balance in June 2018.

23.      On or about May 14, 2018, the NGA Office of General Counsel received interrogatories and legal documentation from a federal EEOC Administrative Judge regarding Plaintiff's EEOC Case thereby becoming aware of the Complainant's claims.

24.     About three (3) days after the NGA Office of General Counsel received the discovery requests in the EEOC Case on May 14, 2018, Plaintiff's desk in the workplace was searched in violation of Agency procedures in order to harass Plaintiff.

25.      On or about May 25, 2018, Defendant delayed Plaintiff's move from NGA to the JDA new job at ODNI for retaliatory reasons.

26.     On the morning of what was to be Plaintiff's last working day at the Agency's NGA office, NGA management delayed Plaintiff's move to the JDA position, but Plaintiff was not told of the delay until the business day prior to her official start date.

27.     When Plaintiff's status was discussed as imminent and departing NGA for the JDA, Defendant's management stated "we'll just have to see about that."  The management then tried to delay or prevent Plaintiff's departure to the JDA for retaliatory reasons. The NGA Joint Duty Office was contacted by Defendant's management, and Plaintiff's departure for the JDA was delayed for another pay period (3 weeks).  No documentation was provided to the NGA Joint Duty Office to justify the delay, and the receiving agency ODNI was not contacted by NGA officials to notify them of the change in the contract terms of Plaintiff's assignment.

28.     NGA management refused to contact ODNI to let them know of the Plaintiff's delay in starting her new JDA position, and the NGA Joint Duty Assignment Office told Plaintiff that she had to inform ODNI herself of the delay to "smooth" things over. This created a difficult workplace situation as Plaintiff's new ODNI manager for the JDA was displeased about the delay and not receiving any notice of the decision.  The delay by Defendant's management had no justification and was meant to punish Plaintiff  by further harassment, intimidation and retaliation against Plaintiff.

6

29.     As a result of the retaliatory harassment she was subjected to by Defendant in the workplace, Plaintiff Widmer suffered lost pay and leave, damage to her reputation and career, and severe emotional distress.

## COUNT ONE
**(Violation of Title VII, 42 U.S.C. §§ 2000e-Retaliation)**

30.     Plaintiff Widmer realleges and incorporates paragraphs 1 through 29 above as if set forth in full herein

31.     Plaintiff engaged in actions protected by Title VII when she objected to and complained about unlawful discrimination and reprisal to Defendant's EEO officer, as well as due to the EEO Case and the EEOC Case.

32.     Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by a campaign of harassment against Plaintiff, interfering with Plaintiff's employment with NGA and her JDA.

33.     As a direct and proximate result of Defendant's retaliatory actions, Plaintiff Widmer has suffered, and will continue to suffer damages, including lost wages in the form of back pay, lost benefits and entitlements, damage to her career and reputation, emotional distress and other damages.

## COUNT TWO
**(Violation of the Age Discrimination in Employment Act of 1967, as amended
29 U.S.C. § 633a-Retaliation)**

34.     Plaintiff Widmer realleges and incorporates paragraphs 1 through 33 above as if set forth in full herein

35.     Plaintiff engaged in actions protected by the ADEA when she objected to and complained about unlawful discrimination on account of her age to Defendant's EEO officer, as well as due to the EEO Case and the EEOC Case.

36.     Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by a campaign of harassment against Plaintiff, interfering with Plaintiff's employment with NGA and her JDA.

37.     As a direct and proximate result of Defendant's retaliatory actions, Plaintiff Widmer has suffered, and will continue to suffer lost wages in the form of back pay, lost benefits and entitlements, damage to her career and reputation, and other damages.

**WHEREFORE**, Plaintiff Michele Widmer respectfully requests judgment on her claim herein against Defendant Lloyd J. Austin III, Secretary, U.S. Department of the Defense, National Geospatial-Intelligence Agency, for her damages and equitable relief, including, but not limited to, back pay, lost benefits and any other economic damages; severe emotional distress; attorneys' fees and costs; prejudgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated: February 2, 2021                    Respectfully submitted,

                                         */s/ Neil L. Henrichsen*
                                         Neil L. Henrichsen
                                         DC Bar No. 420277
                                         HENRICHSEN LAW GROUP, P.L.L.C.
                                         1440 G Street, NW
                                         Washington, DC 20005
                                         Tel: (202) 423-3649
                                         Fax: (202) 379-9792
                                         nhenrichsen@hslawyers.com
                                         service@hslawyers.com

                                         Attorneys for Plaintiff Michele Widmer